U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG -6 2013
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 4343 AT THE PARKWAY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-3017-M |
| ) | |
| LASHONDA WASHINGTON, ) | |
|     Defendant. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**Factual Background:**

Defendant is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Plaintiff 4343 at the Parkway is Defendant's landlord.

Plaintiff filed an eviction suit in state court seeking to evict Defendant for nonpayment of rent. Defendant removed the case to federal court. Her notice of removal is one sentence, and states "Want a fair hearing in federal court."

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Defendant asserts no federal statutory or constitutional basis for this removal. Her claims appear to arise under state law. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

In cases brought pursuant to diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In this case, Defendant lists her state of residence as Texas, and the Plaintiff's state of residence as North Carolina. Defendant, however, has failed to show that the amount in controversy exceeds $75,000. In state court, Plaintiff listed the amount in controversy as $1,576.00 in past rent as of July 13, 2013. Defendant has not shown by a preponderance of the evidence that the amount in controversy meets the minimum jurisdictional amount. The Court therefore lacks jurisdiction over this action.[1]

**RECOMMENDATION:**

The Court recommends that this case be remanded back to the Justice of the Peace Court, Precinct 3-1, Collin County, Texas for lack of jurisdiction..

Signed this ___ day of _____, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the removal statute does not permit removal by a Texas citizen to this Court. *See* 28 U.S.C. § 1441(b). This type of defect, however, is procedural, and would require a motion to remand by the Plaintiff. *See, Halmekangas v. State Farm Fire 7 Cas. Co.*, 603 F.3d 290, 295 n.18 (5th Cir. 2010).

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).